**Helene A. BAKER, Petitioner,**

v.

**DEPARTMENT OF THE INTERIOR,
Respondent.**

No. 03–3079.

United States Court of Appeals,
Federal Circuit.

DECIDED: Sept. 11, 2003.

Before NEWMAN, MICHEL, and
RADER, Circuit Judges.

PER CURIAM.

Helene A. Baker appeals from a final decision of the Merit Systems Protection Board ("MSPB") rendered September 18, 2002, Docket No. DA3443010706–I–1, 93 M.S.P.R. 299, 2002 WL 31114745. Ms. Baker claims that the Department of the Interior denied her promotion to Supervisory Auditor on the basis of her status as a Vietnam-era veteran and a member of the Army Reserve, in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4311(c)(1) ("USERRA"). The MSPB found that there was no violation of USERRA, and that Ms. Baker had not demonstrated that her prior military status was a substantial or motivating factor in her non-selection for this position. We *affirm* the Board's decision.

## BACKGROUND

Ms. Baker was employed by the Department of the Interior as an auditor in the Minerals Management Service in the Houston Compliance Division. In 1999 she applied for a position as a Supervisory Auditor, GS–511–13. As part of the application process, Ms. Baker was required to submit (1) a narrative application supporting her claim of education and experience; (2) a college transcript; (3) a current per-

formance appraisal; and (4) a copy of her SF–50 Notification of Personnel Action concerning her then-current position. In addition, a Supplemental Qualification Statement SQS0511P was required in which Ms. Baker answered questions about her qualifications for the position of Supervisory Auditor.

Ms. Baker's application was evaluated under the procedures of OPM's Merits Promotion Program. OPM assigned a numerical score to each candidate based on the written applications; Ms. Baker's score was 100, the highest possible score. OPM duly listed twenty competitive candidates including Ms. Baker as "best qualified" and eligible to be selected to fill the position. One additional candidate was a "reinstatement eligible." OPM forwarded the listing of eligible candidates, in alphabetical order and without the scores, to Erasmo Gonzales, Chief of the Houston Compliance Division of the Minerals Management Service. Mr. Gonzales was the selecting official for the vacancy announcement.

Mr. Gonzales convened a panel of three supervisors from the Houston Compliance Division to make selection recommendations to him. The panel interviewed each candidate individually, and asked each candidate the same predetermined questions. The candidate's leadership ability was a topic, and although there were no direct questions about military experience and status, the subject appears to have been discussed in connection with leadership ability. Then the panelists rated each candidate on a ten-point scale based on the candidate's application, an interview with the candidate's immediate supervisor, the interview with the candidate, and an assessment of the candidate's ability to carry out the position of Supervisory Auditor.

After the panel had made its recommendations, Mr. Gonzales divided the candidates into three groups according to the panel's ratings. Three persons with scores of eight or above were placed in the first group, fifteen persons with scores at or above five but below eight in the second, and three persons with scores below five in the third. As a result of this process, Mr. Gonzales selected the three persons from the first group, and four from the second, to fill seven available vacancies. Ms. Baker's score of 4.73 placed her in the third group, and she was not selected.

Ms. Baker appealed her non-selection to the MSPB. She alleged that her non-selection was based on her status as a Vietnam-era veteran and a member of the Army Reserve. Ms. Baker stated at the hearing that during the interview she had been questioned about whether she still went on active duty with her Army Reserve unit. She testified that she had replied that she had not been on active duty since 1995, but was still potentially subject to call-up. Ms. Baker also stated that one of the interviewers, Jerry Adams, had concerns about her "availability." Ms. Baker attributed her low rating at the interview, and her ultimate non-selection, to these concerns.

Mr. Adams testified that he had not asked Ms. Baker any question about military status, but that the subject had come up when Ms. Baker volunteered information in response to a question about leadership abilities. Mr. Adams testified that he himself was a reservist and that he considered military service to be a "plus." He also pointed out that he had given high ratings to one candidate who had discussed his experience as a Navy officer, and to another whom he knew to participate in active reserve duty each year; both of these candidates were eventually selected. Mr. Gonzales testified that his final selections had been in accordance with the recommendations of the interviewing panel,

and that military status had not been a factor in his decision not to hire Ms. Baker. Following the hearing, the Administrative Judge for the MSPB issued an initial decision finding that Ms. Baker had failed to demonstrate that her military status was a substantial or motivating factor in the decision not to select her as a Supervisory Auditor. The full Board denied review, and this appeal followed.

## DISCUSSION

We may not disturb an MSPB decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Stearn v. Dep't of the Navy*, 280 F.3d 1376, 1380 (Fed.Cir.2002). The Supreme Court has stated that "[t]he Federal Circuit's statutory review of the substance of [Merit Systems Protection] Board decisions is limited to determining whether they are unsupported by substantial evidence or are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *United States Postal Service v. Gregory*, 534 U.S. 1, 6, 122 S.Ct. 431, 151 L.Ed.2d 323 (2001).

On appeal, Ms. Baker asks us to direct the MSPB to hold a new hearing, on the ground that she was denied her right to bring witnesses on her own behalf. Ms. Baker states that Gerald Deleson and Gonzalo Morales, also applicants for the Supervisory Auditor position, were not permitted to testify. She further states that if they had been, each would have testified (1) that he was a Vietnam veteran; (2) that he had been placed together with Ms. Baker in the third and lowest rated group of applicants by the selecting official Mr. Gonzales; and (3) that he had not been selected. Ms. Baker contends that this information is evidence of bias against applicants based on their military status and that it was not considered. She believes that if it had been considered, her appeal before the MSPB would have been decided in her favor.

According to the regulations governing appeal before the MSPB, "[t]he parties may stipulate to any matter of fact. The stipulation will satisfy a party's burden of proving the fact alleged." 5 C.F.R. § 1201.63 (2001). In this case, the AJ issued a Memorandum of Prehearing Conference that stated in relevant part:

> The parties stipulated that, if called to testify: (1) Gerald Deleson would state that he is a veteran, that he applied for the same position as the appellant, that he was also in "Group 3" and was not selected for the position; (2) Gonzalo Morales' testimony would be the same as Deleson's proferred testimony.

Thus, this information had been presented to the MSPB, and the agency had stipulated to the statements.